**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OTABEK KHAMRAEV, | No. 18-73055 |
| Petitioner, | Agency No. A099-968-190 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Otabek Khamraev, a native and citizen of Uzbekistan, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Khamraev's motion to reopen as untimely, where it was filed more than three years after the order of removal became final, and where Khamraev failed to establish materially changed country conditions in Uzbekistan to qualify for the regulatory exception to the time limitation for filing a motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening). In light of this disposition, we do not address Khamraev's contentions regarding exceptional circumstances or prima facie eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts are not required to make findings on issues the decision of which is unnecessary to the results).

The BIA also did not abuse its discretion in denying Khamraev's motion to reopen as untimely where he failed to demonstrate that he met the requirements for equitable tolling. *See Avagyan v. Holder*, 646 F.3d 672, 677-79 (9th Cir. 2011) (discussing the circumstances in which a movant may be entitled to equitable tolling).

We lack jurisdiction to review the BIA's denial of sua sponte reopening, where Khamraev has not raised a legal or constitutional error. *See Bonilla v.*

*Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**